IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | **CRIMINAL NO. 07-00361-WS** |
| ) | |
| **LUDIVIC WHITE, JR.,** ) | |
| ) | |
|    **Defendant.** ) | |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss the Superseding Indictment (doc. 47).

On June 4, 2008, following a jury trial, defendant Ludivic White, Jr., was convicted of the offense of possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9), as charged in Count One of the Superseding Indictment. A sentencing hearing has been set for September 4, 2008 at 9:30 a.m. before the undersigned.

Defendant now maintains that the Superseding Indictment should be dismissed in light of the Supreme Court's recent decision in *District of Columbia v. Heller*, --- U.S. ----, 128 S.Ct. 2783 (2008), wherein the Court determined that "the Second Amendment conferred an individual right to keep and bear arms," albeit not an unlimited right. 128 S.Ct. at 2799. In identifying broadly the scope of those limitations, the Supreme Court emphasized that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 2816-17. Furthermore, a footnote accompanying that passage reads as follows: "We identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive." *Id.* at 2817 n.26.

Title 18, United States Code, Section 922(g) is unquestionably a longstanding prohibition on the possession of firearms by certain classifications of people. Indeed, the *Heller* Court's

illustrative list of prohibitions on the constitutionality of which it was explicitly not casting doubt included § 922(g)(1) (possession of a firearm by a felon) and § 922(g)(4) (possession of a firearm by one who has been adjudicated as mentally defective or who has been committed to a mental institution).  On its face, then, *Heller* did not disturb or implicate the constitutionality of § 922(g), and was not intended to open the door to a raft of Second Amendment challenges to § 922(g) convictions.  White's Motion to Dismiss would place far more weight on the *Heller* decision than its plain text can reasonably bear.  Indeed, every federal court to examine *Heller* in the face of objections similar to White's has similarly concluded that it did not invalidate § 922(g).  *See, e.g., United States v. Gilbert*, 2008 WL 2740453, *2 (9th Cir. July 15, 2008) ("Under *Heller*, individuals still do not have the right to possess machineguns or short-barreled rifles, as Gilbert did, and convicted felons, such as Gilbert, do not have the right to possess any firearms."); *United States v. Robinson*, 2008 WL 2937742, *2 (E.D. Wis. July 23, 2008) (rejecting *Heller* challenge to constitutionality of § 922(g)(1), and noting that "no court has, even under an individual rights interpretation of the Second Amendment, found 18 U.S.C. § 922(g) constitutionally suspect"); *United States v. Walters*, 2008 WL 2740398, *1 (D.V.I. July 15, 2008) (denying motion to dismiss § 922(g) count on *Heller* grounds).  In the absence of any indication by the Eleventh Circuit or the Supreme Court that the principles enunciated in *Heller* call into question the constitutionality of § 922(g), much less any guidance concerning the proper legal standards to apply to any scrutiny of that statute under the Second Amendment, the Court will take *Heller* at its word, as did the courts in *Gilbert*, *Robinson*, and *Walters*, that it did not cast doubt on the validity of prohibitions such as those found at § 922(g).

For the foregoing reasons, defendant's Motion to Dismiss Superseding Indictment (doc. 47) is **denied**.

**DONE** and **ORDERED** this 6th day of August, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE